```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NORTH DAKOTA
                  NORTHEASTERN DIVISION

UNITED STATES OF AMERICA       )
                               )   REPORT AND RECOMMENDATION
         V.                    )
                               )      CASE NO. 2:04-cr-60
GILBERT JEROME LONGTAIL        )
```

A petition which was filed May 19, 2009 alleges that Gilbert Longtail violated conditions of his supervised release. The petition was referred to this Court for hearing, and for preparation of this Report and Recommendation. (Doc. 100)

This Court held a hearing on February 19, 2010. At that hearing, Longtail admitted to the allegations of the petition. The United States and Longtail agreed on recommended modifications of his conditions of supervised release.

## **FACTS**

In October 2004, Longtail was sentenced to 37 months imprisonment, followed by three years supervised release. He was also ordered to pay $ 40,193.20 in restitution, and to pay a $100 special assessment. The underlying offense was assault resulting in serious bodily injury.

After he completed his prison term, Longtail returned to his mother's home on the Spirit Lake Reservation, and began his supervised release term in June 2007. In April 2008, conditions of supervision were modified to address tribal offenses of public intoxication and theft, and Longtail began a placement at Lake

1

Region Law Enforcement Center. Longtail remained at LRLEC for six months, and while there he completed a drug and alcohol treatment program and obtained employment as a laborer with a local construction contractor.

After the LRLEC placement was completed in October 2008, Longtail returned to his mother's home. Transportation issues caused him to lose his employment, though his employer was satisfied with his work performance. Longtail remained in contact with the supervising probation officer until December 2008.

The petition alleges a series of noncompliant acts, most of which began in December 2008: failure to report for drug and alcohol testing, a tribal arrest for public intoxication, failure to report as directed, and failure to advise the supervising officer of his address and employment. It also alleges that Longtail has never submitted monthly reports, and that he has not made regular restitution payments. At the hearing, Longtail admitted to each of the allegations of the petition, though he noted that his restitution balance has been reduced through garnishment of his annual tribal payments.

Longtail was arrested because of the petition on February 10, 2010. He did not object to detention pending a decision on the petition, and an order to that effect was entered on February 18, 2010 (Doc. 107).

**POLICY STATEMENTS OF SENTENCING GUIDELINES**

At the time of sentencing, Longtail was in Criminal History Category I.  The violations to which he admits are of Grade C.  Under those circumstances, the policy statements of the sentencing guidelines suggest imprisonment for four to ten months if supervision is revoked.

**PARTIES' POSITIONS ON DISPOSITION**

The United States asks that Longtail's supervised release term be extended for a time equal to the time that a warrant on the petition was outstanding (May 19, 2009 through February 10, 2010).  The United States also requests that Longtail be required to complete a placement of up to six months at a residential re-entry center, and that, while in that placement, he complete any recommended drug and alcohol treatment, obtain full-time employment, and develop a release plan which includes a stable residence which will allow him access to stable employment.

Longtail supports the position of the United States, and asks that his placement be completed at LRLEC, in the area where he intends to reside after completing his supervised release.

**DISCUSSION**

During an earlier LRLEC placement, Longtail did well.  He completed an intensive out-patient treatment program, and secured good employment.  He lost the employment because of transportation problems, which were related to lack of his own stable residence.

The modifications the parties propose would allow him to again obtain employment, and to develop a release plan that includes a residence that will allow him to continue in employment which he obtains. The modifications will also allow him to re-address drug and alcohol use issues through treatment.

Longtail addressed the court personally during the hearing, and stated that he has a stronger motivation to succeed now than when he was at LRLEC previously, because he now has an infant son.

The parties' proposal appears to be an appropriate sanction for Longtail's violations, and this Court recommends that it be adopted.

## **RECOMMENDATION**

This court recommends that the District Judge find that Longtail violated conditions of supervised release, as alleged in the petition, that supervised release be extended, and that conditions of supervised release be modified. The term should be extended for a period equal to the time from May 19, 2009 through February 10, 2010. Conditions should be modified to require a residential re-entry center placement at LRLEC for up to six months. While in the LRLEC placement, Longtail should be required to seek and maintain employment, to participate in drug and alcohol treatment as recommended by an evaluator, and to develop a plan for stable residence and employment upon completion of the placement.

**OPPORTUNITY FOR OBJECTION**

Since the recommendations are consistent with the parties' positions, both counsel stated at the hearing that they waived their right to object to the recommendations.

Dated this 24th day of February, 2010.

*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge